UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVE GILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 19 C 1363 |
| | ) |
| COUNTY OF COOK, | ) |
| DANIEL LESZCZYNSKI, and | ) |
| ROBERT GUERRA, | ) |
| | ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT

Plaintiff, STEVE GILES (hereinafter "Giles"), by his undersigned attorney, Kevin V. Boyle of the law firm of Swanson, Martin & Bell, LLP, alleges as follows for his complaint against Defendants, COUNTY OF COOK, COOK COUNTY SHERIFF CORRECTIONAL OFFICER ROBERT GUERRA (star # 17075) (hereinafter "Officer Guerra"), and COOK COUNTY SHERIFF CORRECTIONAL OFFICER DANIEL LESZCZYNSKI (star # 17300) (hereinafter "Officer Leszczynski"):

### Introduction

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of the Plaintiff's civil rights by the defendants when Plaintiff was incarcerated in the Cook County Jail.

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b).

3. On information and belief, all parties reside in this judicial district.

4. Cook County is located in the State of Illinois in this Judicial District. At all relevant times, Cook County was the employer of Officer Guerra and Officer Leszczynski.

5. Officer Guerra and Officer Leszczynski were at all relevant times employed by Cook County as duly appointed correctional officers in the Cook County Jail acting within the course and scope of their employment and under color of law.

6. All of the events giving rise to the claims asserted herein occurred within this judicial district.

## Facts

7. During April and March of 2017, Giles was incarcerated in Cook County Jail.

8. For a period during that time, Giles was in the medical wing of the Cook County Jail. At one point during his stay in the medical wing, Giles was using the bathroom when he noticed a camera that was on the wall, so he covered it with a piece of tissue.

9. A correctional officer observed Giles cover the camera and, as a result, Officer Guerra and another unknown officer handcuffed Giles and took him to a padded room.

10. Once inside the padded room, Giles heard Officer Guerra state "let's do that thing we do," at which point Officer Guerra and Officer Leszczynski lifted Giles off of the ground and dropped him on his face and shoulders.

11. Giles posed no threat of danger to Officer Guerra or Officer Leszczynski at any time before, during, or after the incident.

12. Giles suffered bodily harm due to the manner in which he was treated by Officer Guerra and Officer Leszczynski.

13. Officer Guerra and Officer Leszczynski's acts were intentional, willful and wanton.

14. At the time of the original filing of this action on February 22, 2019, Giles was incarcerated, suffering from a mental disability, was not represented by counsel, and did not have the means, resources, or legal acumen to identify the officers involved in the occurrence.

15. On March 26, 2019, Giles was given leave to proceed *in forma pauperis* and was given leave to conduct limited discovery to determine the identity of the individuals who violated his rights.

16. On July 11, 2019, Giles notified the Court that he was being transferred to a correctional facility operated by the Illinois Department of Corrections.

17. On August 29, 2019, Giles notified the Court that he was being transferred to the Big Muddy Correctional Center.

18. On September 30, 2019, the Court ordered the nominal defendant to produce grievances filed during Giles's six month stay at the Cook County Jail.

19. On October 31, 2019, Giles, while still incarcerated, suffering from a mental disability, and without the benefit of legal representation, filed a "Motion for Discovery" seeking additional information that would assist him in identifying the correctional officers involved in the alleged occurrence.

20. On November 18, 2019, the Court granted in part and denied in part Giles's request for discovery and, for the first time, appointed counsel to represent Giles.

21. Giles has exercised reasonable diligence in attempting to identify the correctional officers involved in the incident and accordingly the statute of limitations applicable to the claims set forth herein should be equitably tolled.

## COUNT I - 42 U.S.C. § 1983

### (Excessive Force vs. Officer Guerra)

22. Giles re-alleges Paragraphs 1-21 above as and for his allegations contained in this paragraph 22, as though fully set forth herein.

23. As described above, Officer Guerra's actions constituted excessive force during the confinement of Giles.

24. The misconduct was undertaken by Officer Guerra under color of law, within the course and scope of his employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to Giles's constitutional rights.

25. Officer Guerra's acts were intentional and undertaken with willful indifference of Giles's rights as guaranteed by the United States Constitution.

26. As a result of Officer Guerra's actions toward Giles, Giles suffered physical injuries including physical pain, emotional anguish, and other damages.

WHEREFORE, Plaintiff, STEVEN GILES, prays for judgment against Defendant, OFFICER ROBERT GUERRA, under Count I, awarding compensatory damages, punitive damages, attorney fees and costs, as well as any other relief this Court deems just and appropriate.

## COUNT II - 42 U.S.C. § 1983

### (Excessive Force vs. Officer Leszczynski)

27. Giles re-alleges Paragraphs 1-26 above as and for his allegations contained in this paragraph 27, as though fully set forth herein.

28. As described above, Officer Leszczynski's actions constituted excessive force during the confinement of Giles.

4

29. The misconduct was undertaken by Officer Leszczynski under color of law, within the course and scope of his employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to Giles's constitutional rights.

30. Officer Leszczynski's acts were intentional and undertaken with willful indifference of Giles's rights as guaranteed by the United States Constitution.

31. As a result of Officer Leszczynski's actions toward Giles, Giles suffered physical injuries including physical pain, emotional anguish, and other damages.

WHEREFORE, Plaintiff, STEVEN GILES, prays for judgment against Defendant, OFFICER DANIEL LESZCZYNSKI, under Count II, awarding compensatory damages, punitive damages, attorney fees and costs, as well as any other relief this Court deems just and appropriate.

## COUNT III – State Law Claim

### (Battery vs. Officer Guerra)

32. Giles re-alleges Paragraphs 1-31 above as and for his allegations contained in this paragraph 32, as though fully set forth herein.

33. As described above, Officer Guerra intended to cause, and did cause, harmful and offensive contact to Giles.

34. As a direct and proximate results of the acts of Officer Guerra, Giles was injured, suffered emotional anguish, and other damages.

WHEREFORE, Plaintiff, STEVEN GILES, prays for judgment against Defendant, OFFICER ROBERT GUERRA, under Count III, awarding compensatory damages, punitive damages, attorney fees and costs, as well as any other relief this Court deems just and appropriate.

## COUNT IV – State Law Claim

### (Battery vs. Officer Leszczynski)

35. Giles re-alleges Paragraphs 1-34 above as and for his allegations contained in this paragraph 35, as though fully set forth herein.

36. As described above, Officer Leszczynski intended to cause, and did cause, harmful and offensive contact to Giles.

37. As a direct and proximate results of the acts of Officer Leszczynski, Giles was injured, suffered emotional anguish, and other damages.

WHEREFORE, Plaintiff, STEVEN GILES, prays for judgment against Defendant, OFFICER DANIEL LESZCZYNSKI, under Count IV, awarding compensatory damages, punitive damages, attorney fees and costs, as well as any other relief this Court deems just and appropriate.

## COUNT V - State Law Respondeat Superior

### (Battery vs. County of Cook)

38. Giles re-alleges Paragraphs 1-37 above as and for his allegations contained in this paragraph 38, as though fully set forth herein.

39. Officer Guerra is an employee of Cook County.

40. Defendant Cook County is liable for torts committed by its agents.

41. As a direct and proximate results of the acts of Officer Guerra, an employee of Cook County, Giles was injured, suffered emotional anguish, and other damages.

WHEREFORE, Plaintiff, STEVEN GILES, prays for judgment against Defendant, COUNTY OF COOK, under Count V, awarding compensatory damages, punitive damages, attorney fees and costs, as well as any other relief this Court deems just and appropriate.

6

## COUNT VI - State Law Respondeat Superior

### (Battery vs. County of Cook)

42. Giles re-alleges Paragraphs 1-41 above as and for his allegations contained in this paragraph 42, as though fully set forth herein.

43. Officer Leszczynski is an employee of Cook County.

44. Defendant Cook County is liable for torts committed by its agents.

45. As a direct and proximate results of the acts of Officer Leszczynski, an employee of Cook County, Giles was injured, suffered emotional anguish, and other damages.

WHEREFORE, Plaintiff, STEVEN GILES, prays for judgment against Defendant, COUNTY OF COOK, under Count VI, awarding compensatory damages, punitive damages, attorney fees and costs, as well as any other relief this Court deems just and appropriate.

## COUNT VII - State Law

### (Indemnification)

46. Giles re-alleges Paragraphs 1-45 above as and for his allegations contained in this paragraph 46, as though fully set forth herein.

47. At all relevant times Officer Guerra was acting under the color of law and under the course and scope of his employment as an employee of Cook County.

48. At all relevant times Cook County was the employer of Officer Guerra.

WHEREFORE, Plaintiff, STEVEN GILES, prays for judgment against Defendant, COUNTY OF COOK, under Count VII, awarding compensatory damages, punitive damages, attorney fees and costs, as well as any other relief this Court deems just and appropriate.

## COUNT VIII - State Law

### (Indemnification)

49. Giles re-alleges Paragraphs 1-48 above as and for his allegations contained in this paragraph 49, as though fully set forth herein.

50. At all relevant times Officer Leszczynski was acting under the color of law and under the course and scope of his employment as an employee of Cook County.

51. At all relevant times Cook County was the employer of Officer Leszczynski.

WHEREFORE, Plaintiff, STEVEN GILES, prays for judgment against Defendant, COUNTY OF COOK, under Count VIII, awarding compensatory damages, punitive damages, attorney fees and costs, as well as any other relief this Court deems just and appropriate.

Respectfully submitted,

/s/ Kevin V. Boyle
Kevin V. Boyle - ARDC #6209809
SWANSON, MARTIN & BELL, LLP
330 North Wabash Avenue
Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
Fax:    (312) 321-0990
kboyle@smbtrials.com

**Attorney for Plaintiff, Steven Giles**